RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com
*Attorney for Plaintiff and Putative Class*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KONTAS, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> RESEARCH STRATEGIES, INC., <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Richard Kontas (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by Research Strategies, Inc. to solicit consumers to participate in market research surveys through prerecorded calls to

cellular telephone numbers obtained without consent in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of Research Strategies' illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Research Strategies makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3. Plaintiff Richard Kontas is an individual located in this District.

4. Defendant Research Strategies is an Alabama company that engages in business and makes prerecorded calls related to that business in this District.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has personal jurisdiction over Research Strategies because it engages in business in this District and Plaintiff's claim arises from that business.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent to this District.

## FACTUAL ALLEGATIONS

8. Defendant Research Strategies is a "person" as the term is defined by 47 U.S.C. § 153(39).

9. Defendant Research Strategies conducts commercial market research surveys to gather relevant commercial information which it sells to businesses.

10. Defendant solicits consumers to participate in their paid research surveys using prerecorded voice calls.

11. There are numerous complaints posted online about unsolicited calls that consumers received from Research Strategies, including pre-recorded voice message calls. For instance:

- "Recording asking me to participate in an online study group for "social and legal issues". Offered to pay me $75 in a "corporate check" for my participation. Reeks of a scam." [1]

- "Called twice in the past two days saying it was Research Stradegy and looking for people to pay to do whatever. (long boring messages.) These calls are followed by what appeared to be a local call with the name of Tara Krivoruchka. A Google search shows that this name is associated with Research Stradegy. Enough with the phone harrassement already!!" [2]

- "Spam, calls too much. Not worth picking up. Sometimes number leaves voicemails" [3]

- "Wanted participants for a study that [I] was too old for." [4]

---

[1] https://800notes.com/Phone.aspx/1-866-660-2910
[2] https://800notes.com/Phone.aspx/1-866-660-2910
[3] https://www.shouldianswer.com/phone-number/8666602910
[4] *Id.*

CLASS ACTION COMPLAINT
-3-

- "nuisance call" [5]

- "research strategy telemarketing" [6]

- "call is annoying" [7]

12. On March 29, April 3, and April 4, 2023, Research Strategies called Plaintiff's cellular telephone number and left a prerecorded message which stated: "Research Strategies is looking for casino players for research in the Burbank, California area between the ages of 21 and 74…."

13. Plaintiff Kontas has never provided his telephone number to Research Strategies or otherwise consented to be called by Defendant.

14. The calls were not necessitated by an emergency.

15. As a result of receiving the calls, Plaintiff Kontas contacted Research Strategies.

16. Research Strategies' owner admitted to making the prerecorded calls and stated that he purchased Plaintiff's and other consumers' contact information from one of the three credit bureaus.

17. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by

---

[5] *Id.*
[6] *Id.*
[7] *Id.*

CLASS ACTION COMPLAINT
-4-

use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

18. Plaintiff bring this action on behalf of themselves and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> All persons in the United States who Defendant called on their cellular telephone number using an artificial or prerecorded voice from the four years prior to the filing of the complaint through the date of trial.

19. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

20. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

21. Members of the Class are so numerous that their individual joinder is impracticable.

22. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

23. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

24. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

25. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

26. Common legal and factual questions include, but are not limited to, whether Defendant violated the Telephone Consumer Protection Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

27. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

28. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has

retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

29. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

## Superiority

30. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

31. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

32. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

33. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

34. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

35. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Class)

36. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37. Defendant Research Strategies transmitted unwanted telephone calls to Plaintiff and the other members of the Class using a pre-recorded voice message.

38. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Class.

39. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling cellular telephone numbers using an artificial or prerecorded voice in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: July 24, 2023            PLAINTIFF, individually and on behalf of all others similarly situated,

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar No. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.

237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT
-10-